UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DEVONA SUE REID, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-73-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| AMERICAN COMMERCE INSURANCE | ) | **AND ORDER** |
| COMPANY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On March 5, 2007, the Court directed the parties to file briefs addressing whether this Court has subject matter jurisdiction over the action. In addition to responding to the Court's Order, the Plaintiff filed a motion to remand the matter to state court. [Record No. 6] Likewise, the Defendant file a brief addressing the issue of subject matter jurisdiction and a response in opposition to the Plaintiff's motion to remand.

For the reasons discussed below, the Court finds that this action was not properly removable at the time the Defendant filed its notice of removal. Therefore, this Court does not have subject matter jurisdiction over the action. Accordingly, the Court will grant the Plaintiff's motion to remand.

## I.    BACKGROUND

Plaintiff Devona Sue Reid filed suit against Defendants Willis R. Spurlock and American Commerce of Ohio ("American Commerce"), Reid's underinsurance carrier, in the Clay Circuit

Court on March 2, 2006. After some discovery, Spurlock filed an interpleader counterclaim against Defendants Stephen Feltner, James Brumley and Larry Brown.[1]

On February 12, 2007, Spurlock made settlement offers to Reid, Feltner and Brumley.[2] Subsequently, on February 15, 2007, the attorney representing Reid, Feltner and Brumley sent a letter to American Commerce's attorney advising that counsel for Spurlock had offered the policy limits $25,000 to resolve Reid's claim ("February 15th letter"). The February 15th letter further provided that:

> Ms. Reid will proceed with the proposed settlement within 30 days unless American commerce Insurance Company substitutes payment. Please accept this letter as notification pursuant to K.R.S. 304.39-320 of the proposed settlement.

[Record No. 1, Attachment 25 Ex. B-Letter re Settlement] On February 23, 2007, counsel for Reid, Feltner and Brumley filed a motion in state court seeking approval of a settlement of Feltner's claim against Spurlock. In that motion, counsel noted that, pursuant to K.R.S. § 387.280, the Court was required to approve the settlement and authorize the parent and next friend to execute a release of claims, inasmuch as Feltner was a minor. The motion was scheduled for a hearing on March 1, 2007.

On February 28, 2007, prior to expiration of the thirty-day period set forth in the February 15th letter regarding Reid's claims and prior to the hearing scheduled on the motion for court-approval of settlement of Feltner's claims, counsel for American Commerce filed a notice of removal in this Court, claiming that all parties to the state court action, except the Plaintiff and

---

[1]      A default judgment was entered in Clay Circuit Court against Larry Brown on January 7, 2007.

[2]      Brumley executed a release of all claims on February 23, 2007.

American Commerce Insurance Company, had reached a voluntary settlement "on or about February 15, 2007." American Commerce argued that, because the settlement had resolved all the claims of all the non-diverse parties, this Court had diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332.

## II.    ANALYSIS

American Commerce asserts that this action became removable under the standard set forth in Title 28 of the United States Code, Section 1446(b), which provides, in relevant part, that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). According to American Commerce, this action, although not initially removable, became removable on February 20, 2007, when it received the February 15th letter from Reid's counsel. American Commerce contends the letter was "confirmation" that Reid, Feltner and Brumley had accepted Spurlock's settlement offer and that "[f]rom th[at] point forward, the only remaining claim in the suit [was] Devona Sue Reid's claim against American Commerce for UIM benefits." [Record No. 7, p. 3] American Commerce contends that § 1446(b)'s thirty-day statute of limitations began to run on February 20, 2007, when it received notice that Reid intended to release all of the non-diverse Defendants from the action. Because the notice of removal was filed less than thirty days of receiving this notice and within one year

of commencement of the action in state court, American Commerce contends that the removal was timely.

Initially, the Court notes that the underlying premise of American Commerce's argument is faulty. American Commerce asserts that February 15th letter from Reid's counsel put it on notice that there was a settlement of *all* claims between Spurlock and Reid, Feltner and Brumley.[3] First, it must be pointed out that the February 15th letter did not reference Feltner's claims against Spurlock. Rather, the letter only addressed a *potential* settlement between Reid and Spurlock. Moreover, the purpose of the February 15th letter was not to provide American Commerce with notice of settlement a between Reid and Spurlock but to provide it with notice of a *proposed* settlement as required under K.R.S. § 304.39-320. Under Kentucky law,

> [i]f an injured person . . . agrees to settle a claim with a liability insurer and its insured, and the settlement would not fully satisfy the claim for personal injuries . . . so as to create an underinsured motorist claim, then written notice of the proposed settlement must be submitted by certified or registered mail to all underinsured motorist insurers that provide coverage. The underinsured motorist insurer then has a period of thirty (30) days to consent to the settlement or retention of subrogation rights. An injured person . . . may agree to settle a claim with a liability insurer and it insured for less than the underinsured motorist's full liability policy limits. *If an underinsured motorist insurer consents to settlement or fails to respond . . . to the settlement request within the thirty (30) day period, the injured may proceed to execute a full release in favor of the underinsured motorist's liability insurer and its insured and finalize the proposed settlement without prejudice to any underinsured motorist claim.*

K.R.S. § 304.39-320(3) (emphasis added). This statute is result of the Supreme Court of Kentucky's decision in *Coots v. Allstate Insurance Co.*, 853 S.W.2d 895 (Ky. 1993). In interpreting the Kentucky Motor Vehicle Reparations Act, the *Coots* court held that "it does not

---

[3]     Because Brumley executed a release prior to removal, the Court need only address the claims of Reid and Feltner.

abrogate UIM coverage to settle with the tortfeasor and his carrier for the policy limits in his

liability coverage, so long as the UIM insured notifies his UIM carrier of his intent to do so and

provides the carrier an opportunity to protect his subrogation." *Id.* at 900.  Thus, in writing the

February 15th letter, counsel for Reid was complying with K.R.S. § 304.39-320(3) and was

simply putting American Commerce on notice that Reid *intended* to settle her claims against

Spurlock in order to provide American Commerce with an opportunity to protect its subrogation

interests.  Pursuant to K.R.S. § 304.39-320(3), once American Commerce was placed on notice

and either consented to the settlement or failed to respond, then Reid was permitted, but was not

required, to proceed with settlement of her claims against Spurlock and his insurance carrier.

Specifically, the statute provides that:

> [i]f an underinsured motorist insurer consents to settlement or fails to respond  .
> .  .  to the settlement request within the thirty (30) day period, the injured *may*
> proceed to execute a full release in favor of the underinsured motorist's liability
> insurer and its insured and finalize the proposed settlement without prejudice to
> any underinsured motorist claim.

K.R.S. § 304.39-320(3) (emphasis added).

American Commerce removed this action on February 28, 2007, claiming that it "had

every reason to believe that the settlement [of all the claims of the non-diverse defendants] was

going forward." [Record No. 7, pp. 6-7]  In *Allison v. Meadows*, No. 2:05CV00092, 2005 WL

2016815 (S.D.W.Va. Aug. 22, 2005), the court addressed an argument similar to the one raised

here.  The court held that "for a case to become removable as a consequence of a settlement

between the plaintiff and . . . [a] nondiverse party, a defendant must be able to establish with a

reasonable degree of certainty that dismissal of the nondiverse defendant is an inevitability."
*Allison*, at *3.  Specifically, the court noted that:

> Settlement negotiations are fraught with uncertainty and are often thwarted by a last minute change of heart or a debate over minutiae at the signing table.  An opposing party's assertion that they will soon settle with another defendant, without more, falls short or the kind of assurance needed to inform the remaining defendant/s that the case has become removable.

*Id.*.

According to American Commerce, the February 15th letter constituted an "other paper" which put it on notice that the Reid and Spurlock had voluntarily settled their claims.  However, this argument assumes that letter provided notice that the case was removable.  While, as a general matter, letters may qualify as an "other paper" sufficient to provide a party with notice that a case has become removable, the February 15th letter did not provide such notice.  Instead, the letter simply provided notice of an intended settlement.  Therefore, American Commerce's receipt of the February 15th letter was not a sufficiently certain indication that Reid had actually settled her claims against Spurlock.

In summary, at the point that American Commerce filed it notice of removal, Reid and Spurlock (or his insurance carrier) had not entered into a binding and enforceable settlement agreement and Reid was not obliged to proceed with settlement of her claims against Spurlock.  In fact, the record reflects that Reid did not execute a settlement agreement releasing Spurlock from all claims until March 6, 2007 – after the notice of removal was filed.

With respect to Feltner's claims, American Commerce argues that it "had every reason to believe that the settlement was going forward when it received [the] motion to approve

settlement sent on February 23, 2007." [Record No. 7, p. 6-7] Additionally, American Commerce notes that it received a copy of a letter from Spurlock's attorney extending the settlement offers to Reid and Feltner which provided them with "additional indicia that the only remaining claim in the litigation is against American Commerce." [Record No. 7, p. 7] The fact that Spurlock's counsel extended an offer of settlement to Feltner does not provide a "reasonable degree of certainty" that dismissal of Feltner was inevitable. *Allison*, *3. By definition, the offer must have been accepted by Feltner before an agreement can be said to have been reached. The record reflects that Feltner had not yet executed a release of his claim against Spurlock and, therefore, had not yet accepted Spurlock's offer of settlement. In fact, American Commerce removed this action before the parties could obtain court approval of the settlement between Feltner and Spurlock.[4] Therefore, at the time of removal, Feltner was still a party to the action and that case was not yet removable.

Finally, the Court is unpersuaded by American Commerce's contention that "[i]t does not matter" that Reid and Feltner had not executed releases at the time the notice of removal was filed. In support of this argument, American Commerce relies on a case from the Western District of Kentucky, *Oakes v. Allstate Insurance Co.*, No. 505CV174R, 2005 WL 3134042

---

[4]       Pursuant to K.R.S. § 387.280, a court is permitted to approve a settlement made by one who is not a guardian or conservator for the minor if the amount of the settlement is under $10,000. If the court approves the settlement, then a release signed by the person to whom the court has ordered the money paid has the same effect as if it were signed by a duly appointed guardian. Here, it is clear that the parties were awaiting court approval of the settlement prior to executing a release of claims.

        Because a state court may not take action while a removed matter is pending in federal court, the actions taken by the Clay Circuit Court following removal on February 28, 2007, are null and void. [*See* Record No. 9, State Court Order of Dismissal dated March 26, 2007 and entered in the state court on April 12, 2007.]

(W.D. Ky. Nov. 19, 2005).  In *Oakes*, the plaintiff agreed to settle with the non-diverse defendant just prior to the expiration of the one-year statutory period.  The insurance company removed the action prior to entry of a dismissal order in state court.  The Court concluded that the action became removable when the plaintiff executed the release of all claims against the non-diverse party, not the date when the state court entered the order of dismissal.  The facts of *Oakes* are distinguishable from the instant case inasmuch as the plaintiff in that case had executed a release of all claims against the non-diverse defendant prior to removal.  As noted above, at the time American Commerce removed this action, neither Reid nor Feltner had executed a release or entered into a binding and enforceable settlement agreement with Spurlock.

Obviously, American Commerce attempted to removed this action from state court to avoid the running of the one-year limitations period that expired on March 2, 2007.  Addressing a similar issue, the Supreme Court in *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996) noted that:

> [o]nly by removing prematurely was [Defendant] able to get the federal court inside the one-year limitation set in § 1446(b).  Had [Defendant] waited until the case was ripe for removal, *i.e.*, until [a non-diverse Defendant] was dismissed as a defendant, the one-year limitation would have barred the way, and plaintiff's choice of forum would have been preserved.

*Id*. at 75 (footnotes omitted).  If American Commerce had waited until the case was ripe for removal when all the non-diverse Defendants had been released from the case, the one-year period would have prevented removal.  However, this Court cannot ascertain subject matter jurisdiction over a case in those instances when a Defendant prematurely removes simply to avoid the running of the one-year statutory period.

### III.    CONCLUSION

This action was not properly removable at the time American Commerce filed the notice of removal and, therefore, this Court does not have subject matter jurisdiction over this action. Accordingly, it is hereby

**ORDERED** that the Plaintiff's motion to remand [Record No. 6] is **GRANTED**. This action is **REMANDED** to the Clay Circuit Court for further proceedings. The motions previously filed in state court remain pending and may be addressed following remand to the state court.

This 19th day of April, 2007.

Signed By:

_**Danny C. Reeves**_   DCR

**United States District Judge**